Stephen Montoya (#011791)
**Montoya, Lucero & Pastor, P.A.**
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
602-256-6718 (telephone)
602-256-6667 (fax)
stephen@montoyalawgroup.com

Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Karen Hardin and Sonia Esposito,<br><br>     Plaintiffs,<br><br>vs.<br><br>Maricopa County Community College District,<br><br>     Defendant. | No.<br><br><br><br>**COMPLAINT**<br><br><br><br>(Jury Trial Demanded) |

For their Complaint against Defendant, Plaintiffs allege the following:

1. This is an action seeking to redress discrimination in the public workplace based on race, color and retaliation brought by Karen Hardin and Sonia Esposito against the Maricopa County Community College District under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (as amended), the Civil Rights Act of 1866, 42 U.S.C. § 1981 (as amended), and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(4) and 42 U.S.C. § 2000e.

3. This Court has personal jurisdiction over the parties to this dispute because the discriminatory misconduct alleged in this Complaint occurred in Maricopa County, Arizona.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

5. Karen Hardin is an African-American woman.

6. Sonia Esposito is a Hispanic-American woman.

7. The Maricopa County Community College District (the "District") is a political subdivision of the State of Arizona.

8. The District manages and operates approximately ten community colleges and two skill centers in Maricopa County, Arizona, including Mesa Community College ("the College") in Mesa, Arizona.

9. At all times material to this Complaint, the District has been an "employer" continuously engaged in an industry affecting interstate commerce within the meaning of Sections 701(b), (g), and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, and has had at least fifteen employees for each working day for at least twenty days during the past calendar year.

10. The District has had over five hundred employees at all times material to this Complaint.

11. Karen Hardin has a Doctorate in Education and has been an educator in the community college system for over three decades.

12. During Dr. Hardin's years of service as an educator, she has never been accused of incompetence or misconduct.

13. Based on her effort and devotion to her profession as an educator, Dr. Hardin has always earned professional praise, and her performance evaluations have always been excellent.

14. Dr. Hardin applied for an open position to serve on the faculty of the Counseling Department at Mesa Community College of the District in January 2021, where Ms. Esposito served as the Departmental Chair.

15. As the Chair of the Counseling Department, Ms. Esposito participated in the Department's selection process to fill the open position.

2

16. Dr. Hardin was well qualified for the open position.
17. Her application was screened and evaluated by two internal committees at the College.
18. The last committee consisted of seven members who interviewed and scored the top five candidates for the position.
19. A Hispanic male and Dr. Hardin received the two highest scores (637 and 635 respectively) of the candidates applying for the position.
20. As the two finalists for the position, the Hispanic male and Dr. Hardin were both separately interviewed by two senior vice-presidents at the College, Nora Reyes and Carmen Newland.
21. After the interview, Ms. Reyes told the Counseling Department Chair of the College, Sonia Esposito, to hire the other finalist because she "needed a Hispanic male" in the Department.
22. Ms. Esposito complied with Ms. Reyes' directive, but the applicant ultimately refused the offer.
23. Ms. Esposito then asked the College's Human Resources officer helping to manage the selection process, Vanesa Watson, for guidance on what to do next.
24. Ms. Watson instructed Ms. Esposito to offer Dr. Hardin the job, as she was the remaining finalist selected by the search committee.
25. Ms. Esposito began to comply with Ms. Watson's directive by completing the required paperwork to hire Dr. Hardin.
26. However, when Ms. Reyes received the paperwork reflecting Dr. Hardin's impending hire, Reyes unilaterally aborted Dr. Hardin's hire and told Ms. Esposito that she was going to search for a new candidate for the job.
27. Ms. Esposito then mentioned to Ms. Reyes that she knew of another person interested in the job who was also a Hispanic male.
28. Ms. Reyes was happy with this news and instructed Ms. Esposito to reach out to him regarding the position, explaining that she could terminate another search to fill the

3

position and unilaterally proceed to hire the man.

29. Because it was now obvious to Ms. Esposito that Ms. Reyes was discriminating against Dr. Hardin in favor of Hispanic males, Ms. Esposito ignored Ms. Reyes' directive and instead complained about Reyes' conduct to Human Resources.

30. In fact, both the College and the District have a practice of routinely using race and gender as the determinative factor in faculty hiring decisions.

31. The District ultimately took no corrective action in response to Ms. Esposito's complaint and did *not* hire Dr. Hardin.

32. Moreover, after Ms. Esposito complained about racial discrimination in the District, the District retaliated against her by refusing to hire anyone to fill the open permanent position for a semester.

33. The Counseling Department was consequently understaffed and overworked, causing its students to suffer and its faculty morale to decline.

34. The District also retaliated against Ms. Esposito by (for example) refusing to provide the Counseling Department with appropriate space to conduct its work, requiring her to simultaneously administer the counseling Department's instructional duties and its student counseling duties without any additional compensation, excluding her Department from essential meetings and refusing to allow her to transfer to another Department to escape the retaliation at Mesa Community College.

35. Based on the discriminatory misconduct of the District, Plaintiffs timely filed separate Charges of Discrimination against the District with the United States Equal Employment Opportunity Commission ("EEOC").  See attached Exhibits A and B.

36. Plaintiffs received right to sue letters from the EEOC and timely commenced this action within ninety-days of their receipt of those letters.  See Exhibits C and D.

37. Plaintiffs hereby exercise their right to a trial by a jury of their peers on all of their claims against the District.

Based on the foregoing, Plaintiffs respectfully request the Court to award them the

4

following relief against Defendant:

    A.    Issue a declaratory judgment declaring that Defendant's conduct violated Plaintiffs' rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, the Civil Rights Act of 1866, 42 U.S.C. §1981, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

    B.    Issue a permanent injunction enjoining Defendant from engaging in discrimination and retaliation;

    C.    Issue an order requiring Defendant to employ Dr. Hardin as a full-time counseling faculty member with all attendant benefits;

    D.    Award Plaintiff Hardin an award of lost wages against Defendant;

    E.    Award Plaintiffs nominal, compensatory and punitive damages against Defendant in amounts to be determined at trial; and

    F.    Award Plaintiffs all other relief that is just, equitable and appropriate under the circumstances, including their costs and attorney fees.

Respectfully submitted this 10th day of August 2022.

**MONTOYA, LUCERO & PASTOR, P.A.**

_____
Stephen Montoya
3200 North Central Avenue, Suite 2550
Phoenix, Arizona 85012
Attorney for Plaintiff

I hereby certify that on August 10, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the CM/ECF System for filing.

*Stephen Montoya*